### 13325. BRAND *v.* THE STATE.

BLOODWORTH, J. 1. Where an accusation is drawn under section 442 of the Penal Code (1910), and it is alleged therein that the accused appeared in an intoxicated condition upon a public street, "which said drunkenness and intoxication was caused by the excessive use of intoxicating wines, beers, liquors, and opiates," the words just quoted cannot be treated as surplusage.

2. It follows, from what is stated above, that where the accusation alleges that the defendant's drunkenness was caused by the excessive use of intoxicating wines, beers, liquors, and opiates, and the evidence shows that the defendant was drunk upon the highway, and that the drunkenness was manifested by staggering, by boisterousness, and by the use of profane and unbecoming language, the allegation as to the cause of the drunkenness of the defendant must be proved as all other material allegations of indictments or accusations must be proved. It is not necessary to enumerate the different ways in which this can be shown. It is sufficient to say that it must be proved by either direct or circumstantial testimony " sufficient to satisfy the mind and conscience beyond a reasonable doubt." Penal Code, § 1013.

3. The foregoing rulings were made in answer to questions certified by this court to the Supreme Court. See *Brand* v. *State*, 153 *Ga.* 639 (112 S. E. 829). As there is no evidence to show the "cause of the drunkenness of the defendant," a new trial must be ordered.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 11, 1922.

Accusation of misdemeanor; from city court of Floyd county — Judge Nunnally. January 31, 1922.

*Porter & Mebane,* for plaintiff in error.
*James Maddox, solicitor,* contra.