31381. RIGGS *v.* THE STATE.

DECIDED OCTOBER 11, 1946.

*W. G. Neville,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

GARDNER, J. Able counsel for the plaintiff in error argues very earnestly and plausibly that the case at bar as to its facts and as to the law applicable thereto is controlled by the decisions in *Brand* v. *State,* 153 *Ga.* 639 (112 S. E. 829), *Brand* v. *State,* 28 *Ga. App.* 719 (113 S. E. 57), and *Hutchinson* v. *State,* 46 *Ga. App.* 219 (167 S. E. 205). We can not agree with this contention. Those cases differ from the instant case in two material particulars: first, the indictments in the cases cited alleged opiates, in addition to the intoxicating drinks; and second, the evidence does not reveal, in the cases cited, that the drunkenness was caused by either the intoxicants or the opiates, as alleged in the indictments. In the instant case, it will be observed that opiates are not alleged in the indictment and, in the second place, the sheriff testified that the defendant was intoxicated by some one of the intoxicants alleged. It would be straining the intent of the statute to require a witness for the State to distinguish between the odors of whisky and of wine, beer, and other intoxicating liquors, when they find and arrest an accused in a drunken brawl on a public highway.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*